United States District Court
Southern District of Texas
**ENTERED**
June 06, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JUAN MANUEL LEDESMA,<br><br>Plaintiff,<br>v.<br><br>LORIE DAVIS, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division<br><br>Defendant. | §<br>§<br>§<br>§   MISC ACTION NO. 7:16-MC-00823<br>§<br>§<br>§<br>§<br>§<br>§ |

## REPORT AND RECOMMENDATION

Pending before the Court are Plaintiff's motions to proceed *in forma pauperis* ("IFP") (Dkt. Nos. 1, 5) and motions seeking a preliminary legal injunction (Dkt. Nos. 1-1, 4). The undersigned interprets Plaintiff's pleadings to be an attempt to bring suit under 42 U.S.C. § 1983. This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. §636(b).

After review of the record and relevant law, the undersigned respectfully recommends that Plaintiff's § 1983 action be **DISMISSED** with prejudice as frivolous, that his preliminary injunction motions (Dkt. Nos. 1-1, 4) be **DENIED**, and that his motions to proceed IFP (Dkt. Nos. 1, 5) be **DENIED** as moot.

### I. BACKGROUND AND SUMMARY OF THE PLEADINGS

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID") and is currently serving a life sentence for aggravated sexual abuse of a minor.[1] Plaintiff's instant action against former Director William Stephens was received and filed in federal court on May 12, 2016. (Dkt. No. 1). Plaintiff's self-styled filing is entitled

---

[1] Offender Information Search, Texas Department of Criminal Justice, https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=01169301 (last visited Mar. 12, 2019).

1 / 8

"Federal Rule of Civil Procedure 65(b) and Local Rule." (Dkt. No. 1-1 at 1). Plaintiff does not specify what local rule he attempts to invoke.

Plaintiff claims that since 1984 there have been twenty-two attempts on his life by four different prison gangs and that there is a $10,000 bounty on his head. (Dkt. No. 1-1 at 3). Based on these attacks, Plaintiff states that there is "actual danger of future assaults." (*Id.* at 4). Plaintiff requests an "Emergency Legal Injunction (Permanent)" and that a copy of the injunction be placed in his "travel card folder." (*Id.* at 2). Plaintiff seeks an injunction that would require prison officials to move him by "special transportation" that is not the "regular chain-bus" and prohibit prison officials from housing him at "the Darrington Unit," because that unit does not have a segregation tank. (*Id.* at 4).

## II. RELEVANT LAW AND ANALYSIS

### A. Prison Litigation Reform Act

Pursuant to the Prison Litigation Reform Act, the Court may dismiss a case at any time if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from monetary relief. 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless of whether he proceeds *in forma pauperis*. *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1998); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998). Plaintiff's *pro se* complaint must be read indulgently. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A complaint may be dismissed as frivolous if the claim lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *see also Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the

complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). The plaintiff's factual allegations must be weighted in favor of the plaintiff unless they are clearly irrational or wholly incredible. *Hernandez*, 504 U.S. at 32-33. Under the PLRA, the Court may "pierce the veil of the complaint's factual allegations," and dismiss the complaint as factually frivolous if the facts alleged are "clearly baseless," "fanciful," or "delusional." *Id.* A complaint is *not* factually frivolous if it could simply be remedied through more specific pleading: "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib*, 138 F.3d at 213; *Hernandez*, 504 U.S. at 33-34.

Dismissal of a complaint for failure to state a claim under the PLRA should not be confused with the "failure to state a claim" standard in Federal Rule of Civil Procedure 12(b)(6), although the two have "considerable common ground." *Neitzke*, 490 U.S. at 325-28. If a complaint raises an "arguable question of law" which is ultimately resolved against the plaintiff, dismissal would be appropriate under Rule 12(b)(6), but not on the basis of PLRA frivolousness. *Id.* The failure to state a claim rises to the level of frivolousness if the claims raised were "so defective that they should never have been brought at the outset." *Id.*; *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992) ("To the extent that an *in forma pauperis* complaint fails to state a claim because it lacks even an arguable basis in law . . . [§]1915(d) . . . counsel[s] dismissal.").

**B.     Analysis**

1.     *Section 1983 Claim*

To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S.

42, 48 (1988) (citations omitted); *see also Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam). Plaintiff fails to satisfy the requirements of a § 1983 suit because he does not plead facts showing that prison officials have violated a Constitutional or legal right.

Plaintiff presumably is pursuing an Eighth Amendment claim for failure to protect. Prison officials have a duty to protect prisoners from violence perpetrated by other prisoners. *Cantu v. Jones*, 293 F.3d 839, 844 (5th Cir. 2002) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). Constitutional liability, however, does not arise from every injury suffered by one prisoner at the hands of another. *Farmer,* 511 U.S. at 833-34. A prison official violates his Eighth Amendment duty when the inmate "is incarcerated under conditions posing a substantial risk of serious harm" and the official acted with "deliberate indifference" to the inmate's health and safety. *Id.*

The "substantial risk of serious harm" element is determined contextually by evaluating "whether society considers the risk . . . to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Helling v. McKinney*, 509 U.S. 25, 36 (1993). A prison official is deliberately indifferent to an inmate's safety if the official knows that the inmate faces a substantial risk of serious harm and "disregards that risk by failing to take reasonable measures to abate it." *Farmer,* 511 U.S. at 847. Deliberate indifference is a state of mind "more blameworthy than negligence," and there must be "more than ordinary lack of due care for the prisoner's interests or safety." *Id.* at 835.

Plaintiff fails to plead how prison officials have violated their duty to protect him and falls short of alleging a substantial risk of serious harm. While Plaintiff does claim that there have been twenty-two attempts on his life by four different prison gangs, he alleges no facts to suggest that *prison officials* are acting with deliberate indifference to his safety. (Dkt. No. 1-1 at

3). Quite to the contrary, Plaintiff states that he has been held in administrative segregation since September 1984, demonstrating that prison officials are indeed taking measures to protect Plaintiff from attacks by other inmates. *Id.* Plaintiff believes that a permanent injunction is in order because he fears prison officials might "make an error" and place him in a non-segregated unit or place him on a bus with gang members when transporting him to federal court. (Dkt. No. 1-1 at 2). While the Eighth Amendment protects against present as well as future danger, this kind of speculative, theoretical mistake fails to be a "sufficiently imminent danger[]." *See Helling*, 509 U.S. at 36; *see also Horton v. Cockrell*, 70 F.3d 397, 401 (5th Cir. 1995) ("Prison authorities must protect not only against current threats, but also must guard against 'sufficiently imminent dangers' that are likely to cause harm in the 'next week or month or year.' ").

The undersigned also considers that state prison officials exercise exclusive control over inmate classification, and state prisoners do not have a constitutionally protected interest in housing assignments. *Kirby v. Johnson*, 243 F. App'x 877, 879 (5th Cir. 2007) (citing *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996)) (citing also *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990)). It is within the discretion of TCDJ-CID to determine where its prisoners are housed and how they are transported. *Id.* Absent a constitutional violation—which Plaintiff fails to allege—federal courts are not inclined to interfere in the internal affairs of state prisons. *See Kahey v. Jones*, 836 F.2d 948, 950 (5th Cir. 1988).

The undersigned further notes that Plaintiff submitted no fewer than seven near-identical, self-styled requests for "An Emergency Legal Injunction" in his habeas corpus proceedings pursuant to 28 U.S.C. § 2254, again citing his fear that he would mistakenly be placed or transported with gang members during transit to or from the federal courthouse. *See Ledesma v.*

*Stephens*, No. 7:15-CV-460 (Dkt. Nos. 18, 26, 46, 48, 54, 57, 65).[2] Movant continued to file requests for legal injunctions long after his § 2254 case had been terminated. All requests were denied as frivolous.[3] *Id.* (Dkt. Nos. 28, 60, 68).

Plaintiff is cautioned against filing any such requests in the future.

The undersigned concludes that Plaintiff's complaint fails to state a claim and should be dismissed for frivolousness.[4]

2. *Preliminary Injunction*

Plaintiff also requests a preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a).[5] (Dkt. No. 4 at 1). To obtain a preliminary injunction under Rule 65(a), the applicant must demonstrate "(1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest." *Affiliated Professional Home Health Care Agency v. Shalala*, 164 F.3d 282, 285 (5th Cir. 1999). Injunctive relief is an extraordinary remedy which demands that the applicant unequivocally demonstrate the need for its issuance.

---

[2] In addition to the requests filed in his § 2254 case, Plaintiff also filed an "Application for Writ of Mandamus" seeking the same legal injunction. *See Ledesma v. United States*, No. 5:16-CV-187 (S.D. Tex. 2017).

[3] In his letter to the Clerk of Court, Plaintiff writes that he is "expecting to go to [federal] court for a retrial and I must have a court ordered [sic] within my travel card folder to protect myself from these gangs that wants me pretty-bad [sic]." (Dkt. No. 3 at 1-2). Plaintiff thus seems to be aware that his § 2254 case has been dismissed, but states he is "expecting a reverse[ ] [and] remand" from the Fifth Circuit. (*Id.*). Plaintiff did appeal the District Court's denial of his § 2254 motion and denial of his motions for emergency legal injunction. Notice of Appeal, *Ledesma v. Stephens*, No. 7:15-CV-460 (S.D. Tex. Aug. 14, 2017) (Dkt. No. 61). The Fifth Circuit denied a Certificate of Appealability on April 10, 2018. Order, *Ledesma v. Stephens*, No. 7:15-CV-460 (S.D. Tex. Apr. 17, 2018).

[4] Without any detail, Plaintiff asserts that he has exhausted all remedies available to him. (Dkt. No. 1-1 at 2). Regardless of the veracity of this assertion, Plaintiff's action may be dismissed as frivolous even if he has failed to exhaust administrative remedies. 42 U.S.C. § 1997e(c)(2).

[5] Plaintiff cites Rule 65(b) but, based on his motion, the undersigned believes Plaintiff means to refer to Rule 65(a), which governs preliminary injunctions. Rule 65(b) governs temporary restraining orders.

*Valley v. Rapides Parish School Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997). The applicant carries the burden as to all four elements before a preliminary injunction may be considered. *United States v. Jefferson County*, 720 F.2d 1511, 1519 (5th Cir. 1983).

Plaintiff is not entitled to a preliminary injunction because he fails to demonstrate elements one and two for the same reasons he fails to state a § 1983 claim, as discussed above. The undersigned recommends that Plaintiff's preliminary injunction motions be denied.

### III. CONCLUSION

#### *Recommended Disposition*

After careful review of the record and relevant law, the undersigned recommends that Plaintiff's § 1983 suit be **DISMISSED** with prejudice as frivolous, that Plaintiff's motions for a preliminary legal injunction (Dkt. Nos. 1-1, 4) be **DENIED**, and that his motions to proceed IFP (Dkt. Nos. 1, 5) be **DENIED** as moot.

#### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections within 14 days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of clear error or manifest injustice.

The clerk of this court shall forward a copy of this report to the parties by any receipted means.

SIGNED this 6th day of June, 2019, at McAllen, Texas.

_____
J. SCOTT HACKER
United States Magistrate Judge